The Honorable Percy Malone State Representative 518 Clay Street Arkadelphia, AR 71923-6024
Dear Representative Malone:
This is in response to your request for an opinion on the following questions:
 1. Are the names of the customers of the city-owned utility company (electrical, sewer and water) by the City of Prescott protected from being released, or are the names on the records of a nature that they can and should be released to any taxpayer?
 2. Assuming the names are public record and have to be released, then does any publication of the names (of either past due or current utility customers) protect the city and those publishing the names from lawsuits from those customers?
You state, under your first question, that city officials have refused to release the names that match with the account numbers. The issue, therefore, appears to focus on whether the account records must be released, or whether there is some basis for deleting the names so that individual account information is not disclosed.
RESPONSE
It is my opinion that the Arkansas Freedom of Information Act ("FOIA") requires the disclosure of customer-specific payment history records of a city-owned utility company. See Op. Att'y Gen. 97-244. It is my opinion, additionally, that unless facts of which I am unaware would indicate otherwise, such records are not protectable on constitutional privacy grounds. Thus, in my opinion, there is generally no basis for refusing to release the names and account numbers, assuming that records containing such information do in fact exist.[1]
Lawsuits based on the publication of the names and account information would fail where the records containing the information are public records.
Question 1 — Are the names of the customers of the city-owned utilitycompany (electrical, sewer and water) by the City of Prescott protectedfrom being released, or are the names on the records of a nature thatthey can and should be released to any taxpayer?
Please note that I have enclosed a copy of Attorney General Opinion97-244, which explains the basis for my conclusion that the individual payment records of the customers of a city-owned utility are generally subject to inspection and copying under the FOIA (codified as A.C.A. §§25-19-101 et seq.). To summarize that opinion, such payment records clearly fall within the FOIA's definition of "public records." A.C.A. §25-19-103(1). And there is no applicable exemption under the FOIA that would justify withholding the records. Op. Att'y Gen. 97-244 at 4.
Opinion 97-244 also addressed the constitutional right to privacy,[2]
and concluded that the payment records sought in that instance (individual records of elected city board members) were not protectable on constitutional privacy grounds. Id. at 4-6. That opinion was based in part upon the public's legitimate interest in ensuring compliance with the requirements of state law prohibiting special utility rates for public officials. Id. at 6, citing A.C.A. § 14-42-108
Although the question at hand involves the records of all municipal utility customers rather than a specific request for the payment records of elected city officials, I believe a similar result obtains in this instance and that the constitutional right of privacy in all likelihood provides no basis for refusing to release the names together with the account information.
As noted in Opinion 97-244, the information that is normally contained in the payment records of a municipal utility is not of an extremely personal nature. While I recognize that one's payment history may be a potential source of embarrassment, I believe it is unlikely that this constitutes the type of intimate financial information that would justify nondisclosure on constitutional grounds. Compare Op. Att'y Gen. Nos.95-110 and 87-442 (noting in an analogous context involving the personnel records exemption under the FOIA that records containing highly personal financial information, such as tax withholding, payroll deductions, credit union statements, and insurance coverage, rise to the level of protectability on privacy grounds). There is, in my judgment, a legitimate public interest in the account information, including an interest in knowing the public utility's collection practices. This public interest will, I believe, outweigh the relatively insubstantial privacy interest of those seeking nondisclosure of their individual payment records. Seegenerally Op. 97-244 (discussing the constitutional privacy test).
Thus, unless there are facts of which I am unaware evidencing a substantial privacy interest, it is my opinion that the names of the customers must be released along with the account records.
Question 2 — Assuming the names are public record and have to bereleased, then does any publication of the names (of either past due orcurrent utility customers) protect the city and those publishing thenames from lawsuits from those customers?
Where the published information came from public records, no private action in tort will lie. J. Watkins, The Arkansas Freedom of InformationAct 354, 371, n. 106 (3rd ed. 1998). Nor is the constitutional right to privacy implicated in that instance. Id. at 374, n. 130. It may therefore be concluded as a general matter that lawsuits based on the publication of the names and account information would fail.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] The city is not required to compile or create a record to satisfy a request under the FOIA if no such record currently exists. See generally
Op. Att'y Gen. 93-189. It must simply make available records in existence which reflect the performance or lack of performance of official functions. A.C.A. § 25-19-103 (1) (Repl. 1996).
[2] The provisions of the FOIA must yield to the right to privacy emanating from the 14th Amendment to the U.S. Constitution. Seegenerally Whalen v. Roe, 429 U.S. 589, 598 n. 23 (1977) (recognizing that notions of substantive due process contained within the 14th Amendment safeguard individuals from unwarranted governmental intrusions into their personal lives).